IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                           ORDER

                     Plaintiff,

                                                                           08-cv-21-bbc
                                                                           03-cr-110-bbc

     v.

TEK NGO,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Tek Ngo has filed a notice of appeal and request for certificate of appealability from the order dated January 31, 2008 denying his motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255 and the February 15, 2008 order denying his motion for reconsideration. Defendant has not paid the $455 filing fee that is required if he is to take an appeal from the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, I construe defendant's motion as including a request for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915.

According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis

1

without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel. Therefore, he can proceed in forma pauperis on appeal unless I find that his appeal is taken in bad faith. In this case, I have to make that finding.

In light of the fact that the court of appeals upheld on direct appeal this court's authority to determine that defendant is a career offender, no reasonable person could suppose that there is merit to defendant's claim that his counsel was constitutionally ineffective for failing to challenge this court's authority to make such a determination or his claim that his sentence should be modified because he is not a career offender. Moreover, as I told defendant in the order denying his § 2255 motion, once I determined that he was a career offender, the drug quantity amounts became irrelevant to the calculation of his sentence. Therefore, no reasonable person could suppose that there is merit to defendant's claim that his lawyer was constitutionally ineffective for failing to challenge this court's drug quantity finding.

Next, I will decide the motion for a certificate of appealability, which defendant must have if he is to appeal the denial of his motion for post conviction relief brought pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Such a certificate shall issue "only if the applicant has made a substantial showing of the denial of a

2

constitutional right."  § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding."  Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Neither of defendant's challenges to his sentence met the standard for an appeal to be taken in good faith.  Thus, they fail at the outset the more demanding standard for a certificate of appealability.  The issues defendant seeks to raise on appeal are not debatable among reasonable jurists; no court would resolve the issues differently; and the questions are not adequate to deserve encouragement to proceed further.  Therefore, I decline to issue a certificate of appealability.

ORDER

IT IS ORDERED that defendant Tek Ngo's request for leave to proceed in forma pauperis on appeal and his request for a certificate of appealability are DENIED.

Entered this 13th day of March, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge